IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HARENS ERAZO, | : |
| Plaintiff, | : |
| | : NO. 5:16-cv-00041-CAR-CHW |
| VS. | : |
| MACON-BIBB COUNTY JUVENILE COURT *et. al.*, | : |
| Defendants. | : |

## ORDER

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Harens Erazo, an inmate confined at Blackwater River Correctional Facility in Milton, Florida, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983. Plaintiff was granted *in forma pauperis* status on March 2, 2016, and has now paid the initial partial filing fee. As discussed below, however, upon preliminary review, Plaintiff's complaint is dismissed for failure to state a claim.

### I. Motion to Proceed In Form Pauperis

Although Plaintiff is allowed to proceed *in forma pauperis* in this action, Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set for in § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that

1

withdrawals from his account may commence as payment towards the filing fee.

   A. <u>Directions to Plaintiff's Custodian</u>

It is hereby **ORDERED** the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

   A. <u>Plaintiff's Obligations Upon Release</u>

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's complaint is subject to

dismissal if he has the ability to make monthly payments and fails to do so.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

### B. Plaintiff's Claim

This action arises out of the termination of Plaintiff's parental rights in a Juvenile Court of Macon-Bibb County case initiated by petition of the legal custodian of Plaintiff's

3

daughter on July 10, 2013. Plaintiff, incarcerated in Milton, Florida, received the petition and summons from the Juvenile Court of Macon-Bibb County on August 14, 2015. The summons stated that the hearing on the petition to terminate Plaintiff's parental rights was to be held on August 19, 2015. ECF No. 1-4 at 9. On August 17, Plaintiff filed a motion for continuance, and the hearing was continued until September 30, 2015. ECF No. 1 at 6. On September 30, 2015, Plaintiff received a call from "Judge Matthews with the Juvenile Court of Bibb County," and Plaintiff alleges he was "informed" that his parental rights were being terminated following a hearing. *Id*. at 6. Plaintiff complains that he has not yet received a written order terminating his parental rights, and was unaware that "he would be participating in a telephonic hearing." *Id*.

Following the hearing, Plaintiff sent a series of letters to the Juvenile Court of Macon-Bibb County and filed a motion for rehearing. In the letters, Plaintiff requested information and assistance with filing an appeal, but he states he never received a response from the court. *Id.* Plaintiff filed the instant complaint asserting that the procedures employed by the Juvenile Court of Macon-Bibb County in terminating his parental rights denied him "due process of law and effectively denied him meaningful access to the Courts." *Id*.

Plaintiff originally named the Juvenile Court of Macon-Bibb County as the only defendant to this suit. Plaintiff was therefore ordered to recast his complaint to name a proper Defendant. Plaintiff supplemented his complaint to name Judge Thomas J Matthews and Diana Watkins as defendants, both in their personal and official capacities.

4

ECF No. 12-1 at 3. Plaintiff contends that Judge Matthews violated Plaintiff's rights by not affording him a full and fair opportunity to be heard, violated the Judge's duty to be a "neutral arbiter," and deprived Plaintiff of a "substantial constitutional and personal right" without due process of law. *Id*. Plaintiff asserts he was not appointed counsel, not allowed to advocate on his own behalf during the termination proceedings, and was not aware that the termination proceedings would take place over the telephone.

Plaintiff further asserts that Diana Watkins, the Macon-Bibb Juvenile Court Clerk of Court denied Plaintiff access to the courts by failing to notify him of the termination proceedings and by failing to respond to his motions and letters. *Id*. at 3. Plaintiff also submitted what purports to be receipt of delivery for a public records request Plaintiff sent to the Juvenile Court of Macon-Bibb County in an attempt to obtain the order terminating his parental rights. Upon preliminary review, Plaintiff's claims must be dismissed for failure to state a claim.

> i. *Plaintiff's Claims are Barred by the Rooker-Feldman Doctrine*

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman doctrine* places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citations omitted). Federal review of state court judgments "is entrusted solely the Supreme Court" and district courts may not "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Wood v. Orange County*, 715

5

F.2d 1543, 1546 (11th Cir. 1983) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

The Eleventh Circuit succinctly summarized the doctrine as follows:

> The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Goodman,* 259 F.3d at 1332 (quoting *Siegel v. Lepore*, 234 F.3d 1163, 1172 (11th Cir. 2000)).

The *Rooker-Feldman* doctrine precludes "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *McKeel v. Colorado*, 74 F. App'x 11, 14 (10th Cir. 2003) (citations omitted). The Eleventh Circuit has applied the *Rooker-Feldman* doctrine to federal actions related to parental rights where the claimant's federal claim sought to nullify the state court judgment or was in essence a challenge to the state court judgment. *See e.g. Liedel v. Juvenile Court of Madison County, Ala.*, 891 F.2d 1542 (11th Cir. 1990); *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988). Further, the doctrine has been applied where, as here, a plaintiff seeks reversal of the termination proceedings based on due process violations resulting from a failure to appoint counsel. *Lindsay v. Adoption by*

6

*Shepherd Care, Inc.*, 551 F. App'x 528 (11th Cir. 2014) (due process challenge to termination proceeding based on failure to appoint counsel barred by *Rooker-Feldman* doctrine); *Barnes v. Domitrovich*, 184 F. App'x 164 (3d Cir. 2006) (prisoner challenging termination proceedings on basis that he was not allowed to be present and not appointed counsel barred by *Rooker-Feldman*).

In this case, Plaintiff seeks, among other things, to have his parental rights restored, a second chance to litigate the termination proceedings, and nullification of any adoption proceedings that were made possible by the termination of his parental rights. ECF No. 12-1 at 6. Plaintiff, therefore, essentially seeks to negate the state court judgment and in substance requests appellate review of the state court judgment. Accordingly, plaintiff's complaint is barred.

   *ii.*   *Plaintiff's Claims Are Barred by Judicial Immunity*

Plaintiff cannot proceed in this action against either named defendant even if his claims are not barred by the *Rooker-Feldman* doctrine, as both named defendants are entitled to judicial immunity. Plaintiff named Judge Matthews, of the Juvenile Court of Macon-Bibb County as a defendant, but it is well established that "[j]udges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'" *Allen v. Fla.*, 458 F. App'x 841, 843 (11th Cir. 2012) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). "Immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction." *Id.* (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies to

7

proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). Plaintiff's allegations against Judge Matthews are based on his adjudication of the petition for termination of Plaintiff's parental rights. Judge Matthews acted within his judicial capacity and jurisdiction in presiding over those proceedings, and he is entitled to absolute judicial immunity.

Plaintiff's claim against Clerk of Court Watkins is also barred by judicial immunity. "Court clerks enjoy 'a narrower ambit of immunity than judges'" *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)). However, "[n]onjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." *Jenkins v. Clerk of Court, U.S. Dist. Court, So. Dist. Of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005). Plaintiff's claim against Watkins are based on her alleged failure to issue a notice to Plaintiff of the termination hearing, respond to his letters, and provide Plaintiff with information related to appellate procedures in Georgia. Each of these actions constitutes an integral part of the judicial process and Watkins' actions are protected by judicial immunity. *See e.g. Essell v. Carter*, 450 F. App'x 691, 691 (9th Cir. 2011) (clerk of court immune to suit alleging failure to respond to letter and file motions); *In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002) (clerk of court immune to suit alleging failure to give notice of hearing).

Even if Plaintiff's action against Clerk Watkins is not barred by judicial immunity, Plaintiff has failed to state an access to courts claim. In order to be found liable under Section 1983, the person being sued must have been personally involved in the alleged

unconstitutional conduct or otherwise be causally connected to the violation. Plaintiff has alleged no facts suggesting that Clerk Watkins is responsible for any act of which he complains. Additionally, to state an access to courts claim, an inmate must allege actions that "impeded the inmates' pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (citing *Bass v. Singletary*, 143 F.3d 1142, 1144 (11th Cir. 1998)). Plaintiff enjoys a constitutional right to meaningful access to the courts, but to seek relief he "must show an actual injury by showing that the denial actually impeded a non-frivolous claim." *Logue v. Chatham County Detention Center*, 152 F. App'x 781, 784 (11th Cir. 2005) (citing *Blankenship*, 163 F.3d at 1290). Plaintiff's allegation that he was not provided with the information he requested does not demonstrate that his access to the courts was impeded even if the failure resulted from the actions of Defendant Watkins.

      *iii.     Freedom of Information Act*

Plaintiff finally complains that his rights were violated by the Juvenile Court of Macon-Bibb County's failure to respond to his Freedom of Information Act ("FOIA") request seeking a copy of the order terminating Plaintiff's parental rights. The "FOIA is a broad disclosure statute which evidences a strong public policy in favor of public access to information in the possession of federal agencies." *Lopez v. United States*, 656 F. App'x 957, 967 (11th Cir. 2016). FOIA, however, is inapplicable to state agencies. *Blankenship v. Claus*, 149 F. App'x 897, 898 (11th Cir. 2005) (FOIA exempts state agencies from its coverage). Plaintiff has therefore failed to state a claim.

## III. CONCLUSION

Pursuant to the above, Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 8th day of May, 2017.

**S/ C. Ashley Royal**
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT